IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM R. JOHNSON,

       Plaintiff,

v.

STATE OF GEORGIA et al.,

       Defendant.

1:13-cv-3155-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant State of Georgia's Motion to Dismiss for Failure to State a Claim [6], Defendants City of Kennesaw, City of Hiram, and City of Newnan's Motion for a More Definite Statement [8], and Plaintiff William R. Johnson's Motion for Immediate Hearing for Injunctive Relief [14]. Also before the Court are Defendant State of Georgia's Motion to Stay Discovery [7], and Plaintiff's Motion for Extension of Time [11].

**I.     BACKGROUND**

On September 23, 2013, Plaintiff William R. Johnson ("Plaintiff"), proceeding *pro se*, filed this action under 42 U.S.C. § 1983. Plaintiff alleges various violations of his civil rights by the State of Georgia ("Georgia"), and the City of Kennesaw, Georgia, the City of Hiram, Georgia, and the City of Newnan,

Georgia (collectively, the "City Defendants"). Plaintiff also alleges common law tort claims against these Defendants. Plaintiff's Complaint is rambling and unfocused. It is 135 pages long, and it is composed mainly of conclusory statements regarding the City Defendants' alleged wrongdoing in arresting him and in revoking his probation. The Court has gleaned the following sparse facts from the Complaint. Plaintiff alleges that, on June 15, 2010, he was involved in a hit and run accident, for which he later took responsibility. On September 16, 2011, he pleaded guilty to felony hit and run, and was sentenced to six years' probation. On September 5, 2012, he was arrested and charged with public drunkenness in Newnan, Georgia, after the police responded to a complaint from the manager of a local Applebees restaurant.

Plaintiff alleges that, on March 21, 2013, he was arrested in Hiram, Georgia. Waitresses at a local Hooters restaurant contacted the police when they suspected that Plaintiff intended to drive while intoxicated. Officers responded to the Hooters, and asked to see Plaintiff's driver's license. Plaintiff alleges that he refused to present his license to the officers, and that he was arrested for refusing this request. Plaintiff contends that, in the course of this arrest, he suffered physical injuries and was "knocked unconscious."

On September 6, 2013, Plaintiff was arrested in Kennesaw, Georgia.

Plaintiff contends that, late that night, police officers approached and questioned him as he was walking along the side of the road.  Plaintiff alleges that he refused to show his driver's license to the officers upon their request.  Plaintiff was arrested and charged with pedestrian under the influence, disorderly conduct, and obstruction.  Plaintiff alleges that, in the course of his arrest, he suffered physical injuries, which included a black eye.

Plaintiff contends that the State of Georgia illegally charged him with a lesser included charge, related to the June 15, 2010, hit and run incident.  Plaintiff argues that the criminal charge to which he pleaded guilty should be voided for vagueness.  Plaintiff further contends that his September 5, 2012, March 21, 2013, and September 6, 2013, arrests were illegal, because Plaintiff was not obligated to cooperate with the officers on those occasions.

Plaintiff's Complaint alleges that the Defendants engaged in a conspiracy to deny Plaintiff's First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.  Plaintiff further alleges that Defendants committed intentional infliction of emotional distress against him.  Plaintiff requests compensatory and punitive damages, unspecified attorney and court fees, a declaration that his constitutional rights were violated by Defendants, and "injunctive relief" against Defendants, to prevent his incarceration on state charges until this action is resolved.

On February 7, 2014, Defendant State of Georgia ("Georgia") filed its Motion to Dismiss, arguing that sovereign immunity deprives the Court of jurisdiction over Plaintiff's claims against Georgia.[1] Also on February 7, 2014, the City Defendants filed their Motion for a More Definite Statement, arguing that Plaintiff's Complaint is an impermissible shotgun pleading.

On March 3, 2014, Plaintiff filed his response in opposition to Georgia's Motion to Dismiss.[2] Plaintiff did not oppose, or otherwise respond, to the City Defendants' Motion for a More Definite Statement.

On March 13, 2014, Plaintiff submitted a Motion for Immediate Hearing for Injunctive Relief, contending that he had been incarcerated by the Defendants, and asking for his immediate release to prepare for this § 1983 action.

## II. DISCUSSION

### A. Georgia's Motion to Dismiss

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be either a "facial" or

---

[1] Georgia does not specify in its Motion the rule under which it is moving for dismissal. Georgia's arguments contend that the Court lacks subject matter jurisdiction due to sovereign immunity. The Court, therefore, analyzes Georgia's Motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

[2] On February 28, 2013, Plaintiff moved for an extension of time to respond to Georgia's Motion. On March 5, 2013, Plaintiff submitted his response in opposition to Georgia's Motion. The Court grants Plaintiff's Motion for Extension of Time, *nunc pro tunc*, and accepts his response in opposition out of time.

"factual" attack.  Morrison v. Amway Corp., 323 F.3d 920, 924–25 n.5 (11th Cir. 2003).  A facial attack challenges subject matter jurisdiction on the basis of the allegations in the complaint, and the Court takes the allegations as true in deciding whether to grant the motion.  Id.  Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings.  Id.  When resolving a factual attack, the Court may consider extrinsic evidence such as testimony and affidavits.  Id.  Georgia does not state whether it is making a "facial" or "factual" attack.  Georgia has not cited to extrinsic evidence in its brief, and the Court considers Georgia's Motion to be a "facial" attack challenging the Court's subject matter jurisdiction.

Georgia argues that this action must be dismissed because all of Plaintiff's claims against Georgia are barred by the Eleventh Amendment and sovereign immunity.  The Eleventh Amendment bars suits against a State brought by both citizens of another state and the State's own citizens, unless a State waives its sovereign immunity.  McClendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1256-57 (11th Cir. 2001).  "[I]n the absence of consent[,] a [§ 1983] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."  Carr v. City of Florence, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990) (quoting Pennhurst State School & Hosp. v.

Halderman, 465 U.S. 89, 100 (1984)).  Thus, "the Eleventh Amendment bars a federal court from exercising jurisdiction over a lawsuit against a non-consenting State and its agencies."  Vt. Agency of Natural Res. v. United States, 529 U.S. 765, 778 (2000).  Georgia's limited waiver of sovereign immunity applies only to State law tort claims filed in State court, and it does not extend to § 1983 actions filed in federal court.  See O.C.G.A. § 50-21-23; Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992) (noting that "a state waives its Eleventh Amendment immunity only if there is an unequivocal indication that the state intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment").  The Court therefore lacks subject matter jurisdiction over Plaintiff's § 1983 claims against Georgia.

Plaintiff also alleges common law tort claims against Georgia.  A State that has not waived its sovereign immunity cannot be sued on State law claims in federal court.  See Alden v. Maine, 527 U.S. 706, 730 (1999) (noting that "the constitutional principle of sovereign immunity does pose a bar to federal jurisdiction over suits against nonconsenting States").  Georgia has not waived its sovereign immunity for State claims filed in federal court.  See O.C.G.A. § 50-21-23(b). The Court, therefore, also lacks subject matter jurisdiction over

Plaintiff's State law claims against Georgia.[3]

Georgia's sovereign immunity deprives the Court of subject matter jurisdiction over Plaintiff's federal and State law claims against Georgia. Accordingly, Georgia's Motion to Dismiss is required to be granted on this basis, and its Motion to Stay Discovery is denied as moot.

B.  City Defendants' Motion for a More Definite Statement

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555.  In general, courts should not dismiss a *pro se* litigant's complaint with prejudice "without first giving the plaintiff an opportunity to amend the complaint if a more carefully drafted complaint might state a claim."  Taylor v. McSwain, 335 F. App'x 32, 33 (11th Cir. 2009) (per curiam) (citing Bank v. Pitt, 928 F.2d

---

[3] The Court also lacks jurisdiction over Plaintiff's State law claims against Georgia because there is no federal question at issue, and because there is no diversity jurisdiction.  See Coastal Petroleum Co. v. U.S.S. Agri-Chemicals, A Div. of U.S. Steel Corp., 695 F.2d 1314, 1317 (11th Cir. 1983) ("For purposes of diversity jurisdiction a state is not a citizen of any state.") (citation omitted)

7

1108, 1112 (11th Cir. 1991) (overruled on other grounds by <u>Wagner v. Daewoo Indus. Am. Corp.</u>, 314 F.3d 541 (11th Cir. 2002)).

The City Defendants argue that Plaintiff's Complaint is an impermissible shotgun complaint, and they ask that Plaintiff submit an amended complaint that conforms to the pleading standards of the Federal Rules of Civil Procedure. Plaintiff did not respond to the City Defendants' Motion for a More Definite Statement, and the Court grants the Motion as unopposed.  <u>See</u> L.R. 7.1(B) ("Any party opposing a motion shall serve the party's response, responsive memorandum, affidavit, and any other responsive material not later than fourteen (14) days after service of the motion . . . .  Failure to file a response shall indicate that there is no opposition to the motion.")

Accordingly, Plaintiff is required to submit an amended complaint, which states in a short and plain manner, the facts showing he is entitled to relief against the City Defendants.

    C.    <u>Plaintiff's Motion for Immediate Hearing on Injunctive Relief</u>

A plaintiff's demand to be released may only properly be brought under a federal habeas petition.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled

to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

Plaintiff's Motion for Immediate Hearing on Injunctive Relief challenges the fact of his confinement. Plaintiff, therefore, cannot obtain his release from prison in this § 1983 action. Accordingly, Plaintiff's Motion is required to be denied.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant State of Georgia's Motion to Dismiss for Failure to State a Claim [6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants City of Hiram, City of Newnan, and City of Kennesaw's Motion for a More Definite Statement [8] is **GRANTED**. Plaintiff must submit an amended complaint to the Court no later than May 9, 2014.

**IT IS FURTHER ORDERED** that Plaintiff William R. Johnson's Motion for Immediate Hearing for Injunctive Relief [14] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant State of Georgia's Motion to Stay Discovery [7] is **DENIED AS MOOT**.

**SO ORDERED** this 9th day of April, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE