IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM R. JOHNSON,

           Plaintiff,

v.

STATE OF GEORGIA et al.,

           Defendant.

1:13-cv-3155-WSD

**OPINION AND ORDER**

This matter is before the Court on State of Georgia's ("Georgia") Motion for Entry of Judgment under Rule 54(b) [22] ("Rule 54(b) Motion"). Also before the Court are the City of Kennesaw, Georgia's, the City of Hiram, Georgia's, and the City of Newnan, Georgia's (collectively, the "City Defendants") (together with Georgia, the "Defendants"): (1) first motion to dismiss [23] ("First Motion to Dismiss"); (2) second motion to dismiss [29] ("Second Motion to Dismiss"); (3) third motion to dismiss [33] ("Third Motion to Dismiss"); and (4) fourth motion to dismiss [38] ("Fourth Motion to Dismiss").

The Court also considers Plaintiff William R. Johnson's ("Plaintiff"): (1) Motion for Extension of Time of Seven Days or More in Which to File Response Pleading [28] ("First Motion for Extension"); (2) Motion to Name

Additional Party Defendants and Additional Causes of Action [36] ("First Motion to Amend"); (3) Motion To Name Additional Causes of Action and the City of Canton and its Officers of Interrogation as Additional Party Defendants [39] ("Second Motion to Amend"); (4) Concession to the State's Sovereign Immunity and Motion for Leave to File to Allow Plaintiff to Respond in Full to the States Objections to Naming Additional State Agents for Prospective Relief [43] ("Second Motion for Extension"); and (5) Motion for Injunction to Order the Spalding County Trial Court to Hold a Due Process Bond Hearing or In the Alternative, Order the Trial Court to Provide and Secure the Means for Plaintiff to Have Unregistered Access to the Courts and to Have Possession of His Legal Files to be Able to Wage Legal Pursuit of Grievances [47] ("Motion for Injunction").

**I.   BACKGROUND**

On September 23, 2013, Plaintiff, proceeding *pro se*, filed this action under 42 U.S.C. § 1983.  In his Complaint [1] ("Complaint"), Plaintiff alleges various violations of his civil rights by Georgia, and City Defendants.

Plaintiff's Complaint is 135 pages long, with only 38 long, rambling, numbered paragraphs, and is composed mainly of conclusory statements regarding City Defendants' alleged wrongdoing in arresting him and in revoking his probation.  Plaintiff alleges that, on June 15, 2010, he was involved in a hit and run

accident, for which he later took responsibility.  On September 16, 2011, he pleaded guilty to felony hit and run, and was sentenced to six years' probation.  On September 5, 2012, he was arrested and charged with public drunkenness in Newnan, Georgia, after the police responded to a complaint from the manager of a local Applebees restaurant.

Plaintiff alleges that, on March 21, 2013, he was arrested in Hiram, Georgia.  Waitresses at a local Hooters restaurant contacted the police when they suspected that Plaintiff intended to drive while intoxicated.  Officers responded to the Hooters, and asked to see Plaintiff's driver's license.  Plaintiff alleges that he refused to present his license to the officers.  He was arrested for refusing to present his license.  Plaintiff contends that, in the course of this arrest, he suffered physical injuries and was "knocked unconscious."

On September 6, 2013, Plaintiff was arrested in Kennesaw, Georgia.  Plaintiff contends that, late that night, police officers approached and questioned him as he was walking along the side of a road.  Plaintiff alleges that he refused to show his driver's license to the officers upon their request.  Plaintiff was arrested and charged with pedestrian under the influence, disorderly conduct, and obstruction.  Plaintiff alleges that, in the course of his arrest, he suffered physical injuries, which included a black eye.

Plaintiff contends that, relating to the June 15, 2010, hit and run incident, the State of Georgia illegally charged him with a lesser included charge. Plaintiff argues that the criminal charge to which he pleaded guilty should be voided for vagueness. Plaintiff further contends that his September 5, 2012, March 21, 2013, and September 6, 2013, arrests were illegal, because Plaintiff was not obligated to cooperate with the officers on those occasions.

Plaintiff's Complaint alleges that the Defendants engaged in a conspiracy to deny Plaintiff's First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Plaintiff further alleges that Defendants committed intentional infliction of emotional distress against him. Plaintiff requests compensatory and punitive damages, unspecified attorney and court fees, a declaration that his constitutional rights were violated by Defendants, and "injunctive relief" against Defendants, to prevent his incarceration on state charges until this action is resolved.

On February 7, 2014, Georgia filed its motion to dismiss [6] arguing that sovereign immunity deprives the Court of jurisdiction over Plaintiff's claims against Georgia. Also on February 7, 2014, City Defendants filed their Motion for a More Definite Statement [8], arguing that Plaintiff's Complaint is an impermissible shotgun pleading. On April 9, 2014, the Court granted [21] Georgia's motion to dismiss and City Defendants' Motion for a More Definite

Statement, ordering Plaintiff to file an amended complaint on or before May 9, 2014.

On April 14, 2014, Georgia filed its Rule 54(b) Motion, requesting that the Court certify its April 9, 2014, Order as final and immediately appealable. Plaintiff does not oppose the Rule 54(b) Motion.

On May 12, 2014, City Defendants filed their First Motion to Dismiss, arguing that Plaintiff's Complaint should be dismissed because Plaintiff failed to file an amended complaint in compliance with the Court's April 9, 2014, Order.

The Court subsequently determined that Plaintiff had not received a copy of the April 9, 2014, Order, and, on June 3, 2014, another copy of the April 9, 2014, Order was sent to Plaintiff, and Plaintiff was ordered to file an amended complaint on or before July 3, 2014.[1]

On June 10, 2014, Plaintiff filed his Motion for Extension, requesting an additional seven days, until July 10, 2014, to file his amended complaint.

On July 18, 2014, City Defendants filed their Second Motion to Dismiss, arguing that Plaintiff's Complaint should be dismissed because Plaintiff failed to

---

[1] On May 28, 2014, Plaintiff notified the Court that he had been moved from the Spalding County Adult Detention Center to the Paulding Probation Detention Center. (See [25]).

file an amended complaint in compliance with the Court's April 9, 2014, Order, and its June 3, 2014, Order.

On July 29, 2014, Plaintiff filed his Amended Complaint [31] ("First Amended Complaint").  Plaintiff's First Amended Complaint is 73 pages long, with only 38 long, rambing numbered paragraphs and, like his original Complaint, is composed mainly of conclusory statements regarding City Defendants' alleged wrongdoing in arresting him and in revoking his probation.  Plaintiff's First Amended Complaint also asserts claims against Georgia, even though the Court granted Georgia's motion to dismiss based, on sovereign immunity grounds, on April 9, 2014.

On July 31, 2014, Georgia filed its Objection [32] to the First Amended Complaint, arguing that Plaintiff was not authorized to amend his complaint to assert claims against Georgia, and that Plaintiff's claims in his First Amended Complaint are identical to those previously dismissed by the Court.

On August 12, 2014, City Defendants filed their Third Motion to Dismiss, arguing that, to the extent the Court declines to grant their Second Motion to Dismiss, it should, in any event, dismiss Plaintiff's First Amended Complaint because it is an impermissible shotgun pleading.

On August 20, 2014, Plaintiff filed his response to City Defendants' Third Motion to Dismiss, asserting that he should not be required to "conform to an elitist writing style [to] be able to garner his U.S. Constitutional Rights" and that if counsel for City Defendants "cannot understand the Federal and State precedents and other authorities that Plaintiff has quoted in his pleadings, maybe he should go back to law school for a few refresher courses."  (Response [34] to Third Motion to Dismiss at 2-3).  Plaintiff, in his response, notes that, in order to address the shotgun pleading issue, he has filed a "More Definitive Statement of Plaintiff's Complaint."

Plaintiff's "More Definitive Statement of Plaintiff's Complaint" [35], filed on August 20, 2014, appears to be another amended complaint (the "Second Amended Complaint"), is 105 pages long, with only 45 long, rambling numbered paragraphs, and comprised mainly of the same conclusory allegations regarding City Defendants' alleged wrongdoing that Plaintiff asserted in his original Complaint and First Amended Complaint.

On August 28, 2014, Plaintiff filed his First Motion to Amend, seeking permission to amend his complaint to allege new claims against new defendants, specifically the Pike County Department of Family and Children Services ("DFCS") and several alleged agents of DFCS.  Plaintiff's new claims appear to

7

relate to a DFCS investigation regarding Plaintiff's children, and Plaintiff asserts causes of action for conspiracy under 42 U.S.C. § 1985(3); claims under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments; a state law claim of intentional infliction of emotional distress; and federal or state law claims for punitive damages and attorneys' fees.

On September 8, 2014, Georgia filed its response to the First Motion to Amend, arguing that it should be denied for several reasons, including that the joinder of these new claims is not appropriate under Rule 20 of the Federal Rules of Civil Procedure because they do not involve the same transaction or occurrence as those asserted in the Complaint and because there is not a question of law or fact common to all Defendants. (Response [40] to First Motion to Amend ¶ 8).

On September 2, 2014, City Defendants filed their Fourth Motion to Dismiss, arguing that, to the extent the Court declines to grant their Second Motion to Dismiss Plaintiff's Complaint, it should dismiss Plaintiff's Second Amended Complaint because it is--like Plaintiff's Complaint and First Amended Complaint--an impermissible shotgun pleading.

On September 2, 2014, Plaintiff filed his Second Motion to Amend, seeking permission to amend his complaint to allege new claims against DFCS, several alleged agents of DFCS, and to add the City of Canton, Georgia ("Canton") and

several of its police officers as defendants.  Plaintiff's new claims all relate to the DFCS investigation regarding Plaintiff's children that Plaintiff referenced in his First Motion to Amend.

On September 9, 2014, Plaintiff filed his Second Motion for Extension, requesting an additional fourteen (14) days to respond to Georgia's objections to Plaintiff's requests to amend his complaint to add additional causes of action against Georgia and its alleged agents.  On September 22, 2014, Plaintiff filed his 59-page response [43] to Georgia's objections.

On December 19, 2014, Plaintiff filed his Motion for Injunction, a 26-page handwritten motion that contains allegations against Georgia, the Georgia Department of Corrections, DFCS, City Defendants, and Spalding County, Georgia.  Plaintiff appears to be seeking injunctive relief and habeas relief in relation to his confinement from the Spalding County Jail to allow Plaintiff to pursue the claims raised in this action and to defend against any DFCS action against Plaintiff in relation to his children.

**II.   DISCUSSION**

    A.    <u>Legal Standard</u>

The law governing motions to dismiss pursuant to Rule 12(b)(6) is well-settled.  Dismissal of a complaint is appropriate "when, on the basis of a

dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."). The Court, however, is not required to accept a plaintiff's legal conclusions. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Court also will not "accept as true a legal conclusion couched as a factual allegation." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

To state a claim for relief that is plausible, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557). "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd, — F. App'x —, No. 14-12424, 2014 WL 7373625, at *1 (11th Cir. Dec. 30, 2014) (quoting Iqbal, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA, — F. App'x —, No. 14-10318, 2014 WL 7356447, at *2 (11th Cir. Dec. 29, 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).[2]

---

[2] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual

11

B.   Analysis

1.   Motions to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. In general, courts should not dismiss a *pro se* litigant's complaint with prejudice "without first giving the plaintiff an opportunity to amend the complaint if a more carefully drafted complaint might state a claim." Taylor v. McSwain, 335 F. App'x 32, 33 (11th Cir. 2009) (per curiam) (citing Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (overruled on other grounds by Wagner v. Daewoo Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002)).

The Court, in its April 9, 2014, Order, directed Plaintiff to file an amended complaint that stated, in a short and plain manner in compliance with Rule 8 of the Federal Rules of Civil Procedure, the facts showing that he is entitled to relief against City Defendants. (April 9, 2014, Order, at 7-8). On June 3, 2014, the

---

allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Court ordered Plaintiff to file his amended complaint on or before July 3, 2014, and, on June 10, 2014, Plaintiff moved for an extension of the deadline to July 10, 2014.  Plaintiff's motion was unopposed, and the Court will grant Plaintiff's First Motion for Extension.

Plaintiff, despite requesting to have until July 10, 2014, to file his amended complaint, did not file his First Amended Complaint until July 19, 2014, almost three weeks after the Court ordered him to do so.  The Court, in light of Plaintiff's *pro se* status and the alleged difficulties he faced in preparing his First Amended Complaint due to his incarceration, will disregard the missed deadline and consider Plaintiff's First Amended Complaint to be the operative complaint in this action.  City Defendants' First Motion to Dismiss and Second Motion to Dismiss, which address the inadequacies in Plaintiff's original Complaint, are thereby denied as moot.  See, e.g., Sheppard v. Bank of Am., NA, No. 1:11-CV-4472-TWT, 2012 WL 3779106, at *4 (N.D. Ga. Aug. 29, 2012); see also Lowery v. Ala. Power Co., 483 F.3d 1184, (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").

City Defendants' Third Motion to Dismiss addresses the inadequacies of Plaintiff's First Amended Complaint, arguing that Plaintiff's First Amended Complaint is an impermissible shotgun pleading and should be dismissed.

"Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006). "[S]hotgun pleadings wreak havoc on the judicial system." Id. (quoting Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001)).

The Eleventh Circuit has stated that, when a defendant is faced with a shotgun pleading, it is not expected to respond to the pleading but rather should move for a more definite statement. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 983-84 (11th Cir. 2008). City Defendants did so, with regard to Plaintiff's original Complaint, and Plaintiff's response was to file his First Amended Complaint, which has the same pleading failures and lack of factual allegation as his original Complaint. Plaintiff's First Amended Complaint is 73 pages long with only 38 long, rambling numbered paragraphs. Each of the ten counts in the First Amended Complaint "incorporate every antecedent allegation by reference into each subsequent claim for relief" and provide only generalized factual assertions and legal conclusions regarding Plaintiff's entitlement to relief, and a fair reading of these counts establishes that it is impossible to determine which of Plaintiff's allegations are intended to support his claims against any specific defendant. This is a classic shotgun pleading. See, e.g., id. at 980;

14

Wagner, 464 F.3d at 1279.  Having given Plaintiff ample time to amend his Complaint to comply with Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's failure to comply warrants the dismissal of this action.  See, e.g., Kabbaj v. Obama, 568 F. App'x 875, 879 (11th Cir. 2014); Osahar, 297 F. App'x at 864; Maldonado v. Snead, 168 F. App'x 373, 377 (11th Cir. 2006); Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998); see also Paulo v. OneWest Bank, FSB, No. 1:13-CV-3695-WSD, 2014 WL 3557703, at *3 (N.D. Ga. July 18, 2014) (concluding that the plaintiff's amended complaint was an impermissible shotgun pleading that warranted dismissal on that basis alone).[3]  See also LR

---

[3]  City Defendants filed their Fourth Motion to Dismiss Plaintiff's Second Amended Complaint.  Pursuant to Rule 15 of the Federal Rules of Civil Procedure, having amended his complaint once, Plaintiff was required to obtain either the City Defendants' consent, or the Court's leave, to file his Second Amended Complaint.  See Fed. R. Civ. P. 15(a)(2).  Plaintiff did not obtain the City Defendant's permission or request leave of the Court to file a Second Amended Complaint, and the Court, thus, will not consider Plaintiff's Second Amended Complaint to be the operative pleading in this action.  Even if Plaintiff had requested leave of the Court to file his Second Amended Complaint—which he did not--the Court would not have granted Plaintiff's request.  A district court is not required to allow an amendment where there has been "repeated failure to cure deficiencies by amendments previously allowed [or] where amendment would be futile."  E.g., Kabbaj, 568 F. App'x at 879 (citing Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)).  "A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'"  Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).  Plaintiff's Second Amended Complaint

41.3(A)(2), NDGa ("The court may, with or without notice to the parties, dismiss a civil action [if a plaintiff] fail[s] or refuse[s] to obey a lawful order of the court . . . .").

### 2. Motions to Amend

Plaintiff filed two motions to amend, seeking permission to allege new claims against DFCS and several alleged agents of DFCS, and to add Canton and several of its police officers as defendants. Plaintiff's new claims relate to an DFCS investigation regarding Plaintiff's children.

Rule 20 of the Federal Rules of Civil Procedure allows the joinder of multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Court, after a thorough review of Plaintiff's claims, concludes that Plaintiff's claims against DFCS, its agents, and Canton in relation to

---

fails to comply with Rule 8 of the Federal Rules of Civil Procedure, and constitutes his third shotgun pleading filed in this case. Granting Plaintiff leave to file his Second Amended Complaint would have been futile and would not have cured the deficiencies found in his First Amended Complaint. The Court, thus, would have denied Plaintiff leave to amend. Because the Court has granted City Defendants' Third Motion to Dismiss Plaintiff's First Amended Complaint, City Defendants' Fourth Motion to Dismiss Plaintiff's Second Amended Complaint is denied as moot.

an ongoing investigation regarding Plaintiff's children do not involve the same transactions or occurrences[4] as his claims against Georgia or City Defendants with regard to the allegedly wrongful arrests these Defendants committed. Plaintiff's conclusory assertions that all of the entities he seeks to sue are part of a conspiracy to violate his constitutional rights are insufficient to allow for joinder.[5] The Court, thus, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, denies Plaintiff leave to amend his claims.

### 3. Motion for Injunction

In his Motion for Injunction, Plaintiff asserts that he is currently incarcerated in Spalding County, Georgia due to a revocation of his probation. Plaintiff moves this Court to order the Spalding County, Georgia trial court to allow him to post bail to allow him to properly prosecute the instant action.

To the extent Plaintiff seeks to be released from confinement, Plaintiff is required to bring a federal habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or

---

[4] It is doubtful that Plaintiff's alleged arrests in various different jurisdictions for different reasons are sufficiently related, absent any allegation of coordination between the Defendants, to be filed fairly or efficiently in a single action, even if Plaintiff had asserted viable claims.

[5] Plaintiff, in his Second Motion for Extension, requested additional time to file a response to Georgia's objections to his motions to amend. On September 22, 2014, Plaintiff filed his response. The Court grants Plaintiff's Second Motion for Extension.

duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

To the extent that Plaintiff is, in effect, seeking a writ of mandamus to compel the Spalding County Trial Court to hold a hearing on the issue of bail, this Court lacks the authority to issue a writ of mandamus against non-federal actors. See Noe v. Metropolitan Atlanta Rapid Transit Authority, 485 F.Supp. 501, 504 (N.D. Ga. 1980), aff'd, 644 F.2d 434 (11th Cir.), 650 F.2d 284, cert. denied 454 U.S. 1126 (1981); c.f. Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973) (holding that federal mandamus is not available in actions against state officials).

The Court notes further that Spalding County, Georgia is not a named defendant in this action and City Defendants do not have control over the Spalding County Jail or the Spalding County courts. The Court must deny Plaintiff's Motion for Injunction for these additional reasons.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's First Motion for Extension [28] and Second Motion for Extension [43] are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's First Motion to Amend [36], Second Motion to Amend [39], and Motion for Injunction [47] are **DENIED**.

**IT IS FURTHER ORDERED** that City Defendants' Third Motion to Dismiss [33] is **GRANTED**, and this action is **DISMISSED**. City Defendants' First Motion to Dismiss [23], Second Motion to Dismiss [29] and Fourth Motion to Dismiss [38] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Georgia's Rule 54(b) Motion [22] is **DENIED AS MOOT**.[6]

**SO ORDERED** this 27th day of February, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Because the Court has granted City Defendants' Third Motion to Dismiss, the Court is entering final judgment in this case and, accordingly, the Court need not certify its April 9, 2014, Order, as final and immediately appealable.